## WILLIAM WELDON *v.* ROBERT WOOD.

9 241
622 521

The officer charged with the service of a writ returned that "the body of the defendant was not to be found within his precinct," and attached the defendant's goods. Plea—that the defendant was at large and not concealed, and could have been found, etc *Held,* that the requirement of the statute, (Rev. Stat. Ch. 181, § 3,) that the officer shall use his best exertions to find the defendant, is directory only. The proper form of pleading in such a case is, that the defendant was within the state (or precinct), and there to be found at large.
The doctrine of repleader considered. It is generally within the discretion of the court whether it shall be allowed

MOTION in arrest of judgment and for a repleader, in an action of assumpsit for goods sold and delivered. The facts of the case are sufficiently stated in the opinion of the court.

*Payne, for the defendant, in support of the motion :*—

I. The settled law and practice in this state is, that the property of the defendant cannot be attached on mesne process if

the body can be arrested, in case of goods and chattels, within the county, and in case of real estate, within the state. The direction to the officer to use his best endeavors to arrest the body, does not make the right to attach depend upon the success of his endeavors. Rev. St. Ch. 181, §§ 3, 17.

II. This court ought to revise the decision of the Court of Common Pleas on the demurrer there filed. The defendant might have allowed judgment to go against him, but was not compelled to do so, and he may now ask the court to pass upon the questions made below, in their order.

III. The court will not enter judgment for the plaintiff upon a verdict on an immaterial issue.

IV. The court should order a repleader, rather than allow a judgment contrary to law, by the admission of the plaintiff. He admits that the defendant was openly and at large within the precinct of the officer at the time of the service of the writ.

*Browne and Van Slyck, for the plaintiff, contra :—*

I. There is, properly, no motion here to try. There was a verdict and judgment in the Court of Common Pleas, but the appeal *vacates* both, and, consequently, there can be no motion to arrest a judgment, where there is no judgment to arrest. Plaintiffs motion is, to say the least, premature. So far as these parties and this cause is concerned, the questions raised by the motion are *res adjudicata.* This court will not, upon mere motion, overrule what has been decided and settled on demurrer and not appealed from. *Court of Probate of Glocester* v. *Eddy*, 8 R. I. 508. But if the court should determine that there is a judgment here to be arrested, and that by a simple motion defendant may retry and set aside what has been solemnly decided on demurrer, still—

III. The motion ought not to be granted, because the issue tendered and accepted, is *a material issue, and covers the whole ground of the case.* 1. The exact language of the statute is used. Rev. Stat. Ch. 181, §§ 3 and 17. 2. And in pleading a statute, or under one, it is always good pleading, and the safest course, to use the exact language of the statute. This plaintiff has done. 3. Plaintiff not only pleads, (what the statute in such

cases requires,) viz., that the officer should use his best endeavors to arrest, &c., but also that defendant *could not be found in his precinct*, thus traversing the only direct and material averment in defendant's plea. 4. The defendant pleads, that "he was *open and at large, and not concealed*, and could have been found, &c. But it will be noticed that there are no such words in the statute as " open " and " at large " and " not concealed." The words used are " cannot be found," and " if the officer cannot find." These word " open," " at large," " not concealed," are simply argumentative. It is, indeed, inferable from such facts, that defendant might have been found, but that is an argumentative way of stating or pleading the fact, and the inference not an unavoidable or absolutely necessary one, and an argumentative plea is always bad. No one is bound to answer an argumentative plea. Stephens on Pleading, 384, 385, 420; Gould's Pleading, Chap. 3, §§ 28, 29, 44, 46. The only material allegation in defendant's pleas is, that defendant " could have been found," and this plaintiff traversed, thus putting directly in issue the only material fact in the plea.

IV. Again, it is inferable from plaintiff's replication, that defendant was not open and at large and not concealed ; and if these words should be deemed by the court material or issuable, the want of a more direct traverse is cured by the verdict ; for it is well settled, that where any fact or circumstance is implied in or inferable from any pleading, and the verdict is in accordance with or in support of that pleading, the pleading is aided by the verdict, and judgment will not be arrested. Gould's Pleading, Ch. 10, § 12.

V. Judgment *non obstante veredicto* cannot be entered for a defendant. *Court of Probate of Glocester* v. *Eddy*, above cited.

VI. A repleader cannot be awarded unless judgment is first arrested.

POTTER, J. The writ in this case was served by attachment of defendant's goods, the officer returning that " the body of the defendant was not to be by him found within his precinct." The defendant pleaded in abatement, that the writ was not legally served, because " the said defendant was at large and

not concealed, and could have been found by said officer within his precinct at the time of said attachment."

The plaintiff replied, that " the officer making service of said writ used his best endeavors to arrest the said defendant, and that the said defendant could not by said officer be found within his precinct at the time of said attachment," and concluded to the country. To this defendant demurred.

In the Court of Common Pleas the demurrer was overruled, and defendant then, by leave, amended his plea so as to read that " the said defendant was at large and not concealed, and could have been found by said officer, using his best endeavors, within his precinct." The case was afterwards tried on the general issue, and verdict and judgment rendered for the plaintiff, and defendant appealed to this court, and a verdict, by consent, has again been rendered on the plea in abatement for the plaintiff in these words : " The jury find that the officer making service of said writ used his best endeavors to arrest the defendant, and said defendant could not by said officer be found within his precinct at the time of said attachment." The defendant now moves in arrest of judgment, and for judgment for defendant *non obstante veredicto*, and for a repleader.

The plaintiff contends, 1st, that the defendant not having appealed from the decision on the demurrer in the Court of Common Pleas, cannot question it now ; and that he has waived it by amending his plea. 2d, that the issue raised by the pleadings is material and covers the whole ground of the case.

The statute only authorizes attachment of personal property (Chap. 181, § 4,) in cases where " the officer cannot find the body of the defendant within his precinct," *i. e.*, his county, and section 3 provides that the officer shall use his best endeavors to arrest the body of the defendant."

When the defendant pleaded, the plaintiff had two courses before him. He might, if he thought the plea an improper one, have demurred. But if he concluded to traverse, he should have traversed everything that was material in the plea. The assertion that the defendant was at large and not concealed, was certainly a material allegation. According to the settled rules

of pleading, when the pleader does not traverse a material allegation, it is to be taken as admitted. Stephens on Pleading, (side page,) 217.

We think the statute intends to make the validity of the attachment depend on the fact, whether the defendant is to be found within the county, *i. e.*, that he is openly and at large in the county and not concealed, and of course could be found; and not upon the fact of the officer using his best exertions to find him. The former fact is generally capable of easy proof; the latter would always be disputable. And the provision that the officer shall use his best endeavors we consider directory only, and not affecting the validity of the attachment.

The language of direction to the officer is as old as the act of 1718, " shall use his best diligence." This is repeated in 1744, page 75. The Digest of 1767, page 12, "shall use their best endeavors and diligence," &c., and the same substantially in the Digests of 1798, page 201; 1822, page 158; 1844 and 1857; and it has never, so far as we know, been considered as other than directory. And we believe that the defendant, in pleading that he was " at large (using this phrase as equivalent to openly and opposed to concealed) and not concealed," has followed substantially the old practice and mode of pleading under this act. The language may have been suggested by the preamble to the old act for attaching real estate, which remained in the statute book from 1736 down to and including the Digest of 1798, but which preamble is omitted in our present Revised Statutes.

In a cause decided in Washington county, at the October term, 1832, and in which several members of the bar familiar with our old forms of pleading were engaged, the defendant pleaded that he " was within the state and there to be found at large." Upon demurrer, the court (Chief Justice Eddy, Brayton and Durfee) held the officer's return conclusive ; and, as was said, in consequence of this decision, the General Assembly, in January, 1838, passed the act which now makes section 17 chapter 181, of the present Revised Statutes, and this section confirms the opinion we have expressed.

The plaintiff contends, that the allegation " at large and not concealed " is argumentative, and that he was not bound to answer it. It seems to us that the allegation is direct and material. If he was at large and not concealed, then, certainly, he could have been found; whereas, the allegation that he could have been found, does not negative the idea of a certain degree of concealment, requiring a laborious and protracted search. The issue made is ambiguous, and does not determine the material fact. Gould's Pleading, Ch. 10, § 29; Stephens on Pleading, pp. 99, 130.

The jury have found that the officer " used his best exertions, and that the defendant could not by said officer be found," &c. Now the allegation in this form is composed of one part immaterial and one part (the latter) material, but which, taken together, might mislead, and the court and jury would have a right to consider it as equivalent to " the officer, using his best exertions, could not find the defendant." They find this, too, against the admissions of the plaintiff on record, that the defendant was at large in the county, and not concealed therein.

Does the verdict cure the difficulty we have suggested ? We think not. A verdict will cure an informal, but not an immaterial, issue. The issue being liable to ambiguity, the verdict is so also. The officer using his best endeavors and not finding him, does not necessarily imply that he was not at large in the county, or that he could not be found, which is the essential fact. If he was at large in the county, which assertion is not traversed, then certainly he could have been found.

The cases upon the subject of repleader are not very many in number, and seem to have depended much on the discretion of the court in the particular case. A very general principle can however be deduced. It is not allowed where it will not better the case. Sometimes the object has been obtained by allowing a party to withdraw a plea. In the present case, the defendant's demurrer was overruled, when we think it should have been sustained. We consider, therefore, that judgment should be arrested and the parties ordered to replead. Costs are not allowed, because most commonly both parties are in fault.

The defendant, also, alternatively, moves for judgment *non obstante veredicto*. This can only be done where the state of the pleadings is such as to show that a jury trial could be of no possible use, and that the judgment must, in any event, be for one side only. The same inconsistency or ambiguity in the pleadings which leads us to award a repleader, would necessarily lead to a denial of this motion.

*Repleader awarded.*